Kathleen COTNER, Surviving Mother and Personal representative of the Estate of Glen Alan Cotner, deceased, Appellant,

v.

The CESSNA AIRCRAFT COMPANY, a Corporation; Sky–Craft Aviation, Inc., a Corporation; and Charles Graves and Roger Graves, Individually, in Partnership, and/or d/b/a Sky–Craft Aviation; Insurors Nationwide Service Agency, Inc., a Corporation; Butler Aviation–Tulsa, Inc., a Corporation; and Signature Flight Support–Tulsa, Inc., a Corporation: and Har–Ran Aircraft Sales, Inc., a Corporation; and William Harrison, Daniel Nault and Terry Randall, Individually, in Partnership, and/or d/b/a Har–Ran Aircraft Sales and Service; and Thomas Tucker, Appellees.

No. 83849.

Supreme Court of Oklahoma.

Sept. 26, 1995.

Jeff Potts, Kelly, Potts & McClure, Muskogee, D. Lynn Babb, Kathleen J. Adler, Pierce Couch Hendrickson Baysinger & Green, Oklahoma City, for Appellant.

Ronald P. Williams, Morrison & Hecker, Wichita, for Appellees Cessna Aircraft Company, Butler Aviation–Tulsa, Inc., and Signature Flight Support–Tulsa, Inc.

Burton J. Johnson, Looney, Nichols, Johnson & Hayes, Oklahoma City, for Appellees Sky–Craft Aviation, Inc., Charles Graves and Roger Graves.

Page Dobson, Charles F. Alden III, Holloway Dobson Hudson Bachman Alden Jennings Robertson & Holloway, Oklahoma City, for Appellees Har–Ran Aircraft Sales, Inc. William Harrison, Daniel Nault, Terry Randall and Thomas Tucker.

Gerald E. Durbin II, Elizabeth J. Sloan, Oklahoma City, for Appellee Insurors Nationwide Service Agency, Inc.

## MEMORANDUM OPINION

LAVENDER, Justice.

 This case presents similar issues to *Moss v. City of Oklahoma City*, 897 P.2d 280 (Okla.1995), where we held a general release signed by an injured party which contains the names of persons to be released, along with other generalized broad language which, in essence, also purports to release the entire world from any and all claims, will discharge from liability other potential tortfeasors only if they are named or otherwise specifically identified in the release. Broad boilerplate language is not sufficient. Our decision was based on our interpretation of 12 O.S.1991, § 832(H)(1), a part of the Uniform Contribution Among Tortfeasors Act (UCATA) and the intent of the Legislature in promulgating the UCATA. On the basis of *Moss* we vacate the opinion of the Court of Appeals, reverse the judgment of the trial court, and remand to the trial court for further proceedings. We also order the Court of Appeals' Memorandum Opinion withdrawn from publication.

Appellant, Kathleen Cotner, surviving mother and personal representative of the estate of Glen Alan Cotner, deceased, sued appellees in a wrongful death action for the death of her son who was killed in an airplane crash. Before suit appellant settled with representatives of the owner and pilot of the plane, receiving $225,000.00 from United States Aviation Underwriters, Inc., as insurer for the estates of these two individuals and Shanks Trucking & Brokerage, Inc. In July 1991 appellant signed a release naming the estates of the pilot and owner as being released, as well as United States Aviation Underwriters, Inc. and Shanks Trucking & Brokerage, Inc. None of the appellees were named or otherwise specifically identified in the release. The release did, however, contain broad boilerplate language similar to that contained in the releases involved in *Moss*. As the defendants in *Moss* did, the appellees here moved for summary judgment arguing the plain language of the release discharged them from liability. The trial court granted the motion for summary judgment and entered judgment for appellees. The Court of Appeals in a 2–1 decision reversed and remanded for further proceedings. We granted certiorari.

 Summary judgment is appropriate only when there is no substantial controversy as to any material fact. *Hinson v. Cameron*, 742 P.2d 549, 551 (Okla.1987). We have carefully reviewed the involved release and find nothing therein that would take this matter out of the rule announced in *Moss*. Thus, in light of our decision in *Moss*, which we conclude is dispositive of this matter, the release at issue here, like those involved in *Moss*, was insufficient to release other potential tortfeasors not named therein or otherwise specifically identified. In that none of the appellees were named or otherwise specifically identified in the release it was not

sufficient to discharge any of the appellees from liability. Summary judgment in appellees' favor was therefore improper.

Accordingly, we **VACATE** the opinion of the Court of Appeals, **REVERSE** the judgment of the trial court granting summary judgment to appellees and **REMAND** to the trial court for further proceedings. We further **ORDER** the Court of Appeals' Memorandum Opinion **WITHDRAWN FROM PUBLICATION.**

ALMA WILSON, C.J., KAUGER, V.C.J., and HODGES, SIMMS, OPALA, SUMMERS and WATT, JJ., concur.

HARGRAVE, J., concurs in part; dissents in part.